1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  R. TRAVIS CAMPBELL (SBN 271580)
   tcampbell@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6  Attorneys for Defendants
   Fulton Friedman & Gullace, LLP and
7  Ann Katheryn Merrill

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11
   JOHN HENRY DION,                      )  CASE NO.  CV11-02727-LB
12                                        )
                                          )
13            Plaintiff,                  )  **ANSWER TO COMPLAINT**
                                          )
14       vs.                              )
                                          )
15                                        )
                                          )
16  FULTON FRIEDMAN & GULLACE             )
    LLP, a New York limited liability     )
17  partnership; and ANN KATHERYN         )
    MERRILL, individually and in her      )
18  official capacity,                    )
                                          )
19            Defendants.                 )
                                          )
20  _____        )

21

22

23

24

25

26

27

28

---

Defendants FULTON FRIEDMAN & GULLACE LLP and ANN KATHERYN MERRILL (jointly, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff JOHN HENRY DION ("Plaintiff"):

1.      In answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff alleges the allegations in the Complaint arise from the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.      In answering Paragraph 2 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 are self explanatory.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.      In answering Paragraph 3 of the Complaint, Defendants aver that the contents of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.1(a)(1) are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.      In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction is proper in this Court.  Defendants deny that declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.      In answering Paragraph 5 of the Complaint, Defendant admit that Plaintiff alleges that this action arises out of Defendants' violation of the Fair Debt Collection Practices Act.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.      In answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff alleges that venue is proper.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.     In answering Paragraph 7 of the Complaint, Defendants admit that the lawsuit referred to in Plaintiff's complaint was brought in Alameda County.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.     In answering Paragraph 8 of the Complaint, Defendants admit on information and belief that Plaintiff is a natural person residing in Alameda County, California.  Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) or a "debtor" as defined by Cal. Civ. Code § 17882(h).  Defendants lack sufficient knowledge to form a belief as to whether Plaintiff is a "disabled person" within the meaning of Cal. Civ. Code § 1761(g) and on that basis deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.     In answering Paragraph 9 of the Complaint, Defendant Fulton Friedman & Gullace, LLP admits it is a New York limited liability partnership, and that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.    In answering Paragraph 10 of the Complaint, Defendant Ann Merrill admits that she is a natural person, is an attorney licensed in the State of California and is an employee of Fulton Friedman & Gullace, LLP.  Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.    Denied.

12.    In answering Paragraph 12 of the Complaint, Defendants admit on information and belief that Plaintiff incurred a financial obligation in the form of a credit account.  Defendants deny on information and belief that the original creditor was unknown to the Plaintiff.  Defendants admit that Plaintiff denies that the financial obligation exists or is owed.  Defendants lack sufficient knowledge to form

a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).  Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.  Admitted.

14.  In answering Paragraph 14 of the Complaint, Defendants admit that Plaintiff's account was placed with Fulton Friedman & Gullace, LLP for collection. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15.  Admitted.

16.  Admitted.

17.  Denied.

18.  In answering Paragraph 18 of the Complaint, Defendants admit they prepared and caused to be filed the complaint in the underlying action, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19.  In answering Paragraph 19 of the Complaint, Defendants admit they prepared and caused to be filed the complaint in the underlying action, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20.  Denied.

21.  In answering Paragraph 21 of the Complaint, Defendants admit they prepared and caused to be filed the complaint in the underlying action, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.  In answering Paragraph 22 of the Complaint, Defendants aver that the complaint in the underlying action does not allege that Midland sold or delivered anything to Plaintiff.  Rather, it alleges that Plaintiff became indebted to Midland for

the "goods, wares, and merchandise sold and delivered to [Plaintiff] and for which [Plaintiff] promised to pay [Defendant] the sum of $1,496.32." On this basis, Defendants deny the allegations of Paragraph 22.

23.     Denied.

24.     Denied.

25.     Denied.

26.     In answering Paragraph 26 of the Complaint, Defendants admit they prepared and caused to be filed the complaint in the underlying action, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27.     In answering Paragraph 27 of the Complaint, Defendants admit they prepared and caused to be filed the complaint in the underlying action, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Defendants incorporate by reference paragraphs 1 through 37 above as if fully set forth herein.

39.     In answering Paragraph 39 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred

primarily for personal, family or household purposes and on that basis deny that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

40.     In answering Paragraph 40 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny the allegations.

41.     In answering Paragraph 41 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny the allegations.

42.     In answering Paragraph 42 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny the allegations.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Defendants incorporate by reference paragraphs 1 through 46 above as if fully set forth herein.

48.     In answering Paragraph 48 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny the allegations.

49.     In answering Paragraph 49 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny the allegations.

50.     In answering Paragraph 50 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and on that basis deny the allegations.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendants acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not wilful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial

obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution.  Plaintiff's proposed interpretation of provisions of the FDCPA and Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Materiality)

To the extent that any of the communications by Defendants are deemed to be false or misleading, which Defendants expressly deny, they were not materially false or misleading and therefore are not actionable under the FDCPA and Rosenthal Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Defendants are informed and believe that the claims asserted in this action may be subject to an agreement calling for binding arbitration.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.

WHEREFORE, Defendants request judgment as follows:

1.   That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2.   That Defendants recover from Plaintiff costs according to proof.

1     3.   That Defendants recover attorneys' fees according to proof.

2     4.   That the Court orders such other further reasonable relief as the Court may

3 deem just and proper.

5 DATED: August 22, 2011        SIMMONDS & NARITA LLP

TOMIO B. NARITA
R. TRAVIS CAMPBELL


By:   s/R. Travis Campbell
        R. Travis Campbell
        Attorneys for Defendant
        Fulton Friedman & Gullace, LLP