1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JOHN HENRY DION
6

7

8              **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN FRANCISCO DIVISION**

10
   JOHN HENRY DION,                     Case No. 4:11-CV-02727-SC
11
                        Plaintiff,      **MEMORANDUM OF POINTS AND**
12                                       **AUTHORITIES IN SUPPORT OF MOTION**
         v.                              **TO STRIKE AFFIRMATIVE DEFENSES**
13
   FULTON, FRIEDMAN & GULLACE, LLP,     **[Fed. R. Civ. P. 12(f)]**
14 a New York limited liability partnership; and
   ANN KATHERYN MERRILL, individually
15 and in her official capacity,         Hearing Date:     December 9, 2011
                                         Hearing Time:     10:00 a.m.
16                       Defendants.     Hearing Judge:    Samuel Conti
                                         Hearing Courtroom: 1, 17th Floor
17                                       Hearing Location: 450 Golden Gate Avenue
                                                           San Francisco, California
18

19        COMES NOW the Plaintiff, JOHN HENRY DION (hereinafter "Plaintiff"), by and through his

20 attorney Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits his <u>Memorandum of</u>

21 <u>Points and Authorities in Support of Motion to Strike Affirmative Defenses</u> filed herein.

22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES              Case No. 4:11-CV-02727-SC

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................... 1

II.  FACTUAL BACKGROUND ...................................................................................... 1

III.  STANDARD OF REVIEW .......................................................................................... 2

    A.  The 'Heightened Pleading Standard' of *Twombly* and *Iqbal* Apply to
       Affirmative Defenses .......................................................................................... 3

    B.  The Policies of *Twombly*, *Iqbal* and Rule 12 Support the Plaintiff ..................... 4

IV.  ARGUMENT ................................................................................................................ 6

    A.  The FDCPA Allows Only Those Defenses Set Forth in Statute ........................ 6

       1.  Defendants Have Not Stated a Bona Fide Error Defense ........................ 7

       2.  Defendants Have Not Stated a Statute of Limitations Defense ............... 9

       3.  Defendants Have Not Stated the Defense of Conformity with an FTC Advisory
          Opinion .................................................................................................. 10

    B.  Defenses to be Stricken Because They are Not Actually Defenses ................... 10

       1.  First Affirmative Defense – Failure to State a Claim ............................ 10

       2.  Fifth Affirmative Defense – No Wilful [sic] Conduct ........................... 10

       3.  Sixth Affirmative Defense – Failure to Mitigate .................................. 11

       4.  Eighth Affirmative Defense – Good Faith ............................................ 11

       5.  Thirteenth Affirmative Defense – Materiality ...................................... 12

    C.  Defendants' Immaterial and Impertinent Defenses Should be Stricken ............ 12

       1.  Fourth Affirmative Defense – Unclean Hands ..................................... 12

       2.  Seventh Affirmative Defense – Waiver ................................................ 13

       3.  Ninth Affirmative Defense – Apportionment ....................................... 13

       4.  Tenth Affirmative Defense – Supervening Cause ................................. 14

5. Eleventh Affirmative Defense – Equitable Indemnity.................................................15

6. Twelfth Affirmative Defense – First Amendment......................................................15

7. Fourteenth Affirmative Defense – Standing..............................................................16

D. Defendants' Insufficient Defenses Should be Stricken.........................................................17

1. Thirteenth Affirmative Defense – Arbitration...........................................................17

V. CONCLUSION.....................................................................................................................17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **TABLE OF AUTHORITIES**

### **CASES**

*American Sheet Metal, Inc. v. Em-Kay Engineering Co.*, 478 F. Supp. 809
(E.D. Cal. 1979)...................................................................................................12

*Ashcroft v. Iqbal*, 566 U.S. ___; 129 S. Ct. 1937 (2009)...............3, 4, 9, 11, 12, 15, 17

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d. 1167 (N.D. Cal 2010)............4, 5, 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...................................3, 4, 11, 12, 15, 17

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007)............10, 12

*Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634 (N.D. Cal. Aug. 22, 2011)............5

*Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532 (D. Md. 2010)........................8

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006).....................6

*Conley v. Gibson*, 355 U.S. 41 (1957).............................................................6

*Costello v. United States*, 365 U.S. 265 (1961)...................................................9

*CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538
(N.D. Cal. Oct. 26, 2009)..........................................................................13

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993).........................................3

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987)..............5

*GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997).....................9

*Gomez v. Toledo*, 446 U.S. 635 (1980)............................................................5

*Hanzlik v. Birach*, 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009)........................5

*Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009)..............................16

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009)..............................4, 5

*Heintz v. Jenkins*, 514 U.S. 291 (1995)..........................................................16

*Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989)....................3

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608
(S.D. Fla. Aug. 21, 2007)..........................................................................................5

*Howlett v. Rose*, 496 U.S. 356 (1990)..........................................................................6

*Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235 (Cal. App. 2d Dist. 2004)..........................10

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045
(5th Cir. 1982)..........................................................................................................5

*Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954 (S.D. Ohio 2005)...........................................16

*Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439 (W.D. Mich. 1989)........................................7

*Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324
(Cal. App. 1st Dist. 2009).........................................................................................16

*Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685
(N.D. Ill. May 14, 2008)..........................................................................................8, 9

*Lopez Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796 (N.D. Cal. 2008)...................................16

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945
(W.D.N.C. 2000).......................................................................................................5

*National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631 (E.D. Wis. 1994).......................8

*Pepper v. Routh Crabtree, APC*, 219 P.3d 1017 (Alaska 2009)................................................16

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004)...........................................3, 13

*Racick v. Dominion Law Assocs.*, 270 F.R.D. 228 (E.D.N.C. 2010).............................6, 8-11, 13-14

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996)..........................................................6

*Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003)...........................................................7, 12

*Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007).........................................6

*Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265 (2d Cir. 1996)..........................................5

*Scott v. Fed. Bond & Collection Serv.*, 2011 U.S. Dist. LEXIS 5278
(N.D. Cal. Jan.19, 2011)..........................................................................5, 9-11, 13-15

*Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009)..................................6

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*,
242 F. Supp. 2d 196 (W.D.N.Y. 2002)...........................................................................................6

*Topline Solutions, Inc. v. Sandler Sys., Inc.*, 2010 U.S. Dist. LEXIS 76174
(D. Md. July 27, 2010)....................................................................................................................6

*Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009)........................4

*Vamsidhar Reddy Vurimindi v. Fuqua Sch. of Bus.*, 2011 U.S. Dist. LEXIS 96496
(E.D. Pa. Aug. 25, 2011)................................................................................................................4

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001)......................................5

*Wyshak v. City National Bank*, 607 F. 2d 824 (9th Cir. 1979)................................................3, 6

**STATUTES**

15 U.S.C. § 1692k.....................................................................................................................7, 9

Cal. Civil Code § 1788.30(f)........................................................................................................9

**RULES**

Fed. R. Civ. P. 8.......................................................................................................................3, 8

Fed. R. Civ. P. 9(b)........................................................................................................................8

Fed. R. Civ. P. 12(b)(6).......................................................................................................4, 6, 10

Fed. R. Civ. P. 12(f).........................................................................................................2, 4, 6, 7, 12

**MISCELLANEOUS**

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE
(2d ed. 1990)..................................................................................................................................5

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE
(3d ed. 2004)..................................................................................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 4:11-CV-02727-SC

# I.  INTRODUCTION

In responding to Plaintiff's Complaint, Defendants, FULTON, FRIEDMAN & GULLACE, LLP, and ANN KATHERYN MERRILL (hereinafter collectively referred to as "Defendants"), filed an Answer to Complaint (Doc. 6), containing various "Affirmative Defenses" identified on pages 6-9.  A copy of the Defendant's Answer to Complaint (Doc. 6) is attached as Exhibit "A" for the Court's reference.  Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike the First through Fifteenth Affirmative defenses from Defendants' Answer to Complaint (Doc. 6) on the grounds that Defendants have pled more than the three affirmative defenses allowed under the FDCPA, Defendants have attempted to allege defenses which are not actually defenses, Defendants have raised immaterial defenses, and that the defenses are not pled with sufficient particularity to provide Plaintiff with "fair" notice.  Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level.

# II.  FACTUAL BACKGROUND

On August 22, 2011, Defendants filed an Answer (Doc. 6) to Plaintiff's Complaint.  In their Answer to Complaint, Defendants set forth several conclusory statements – with no factual support whatsoever – purporting to raise various alleged affirmative defenses.   These paragraphs read as follows:

- First Affirmative Defense: (Failure to State a Claim) The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.
- Second Affirmative Defense: (Statute of Limitations/Latches) The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.
- Third Affirmative Defense: (Bona Fide Error) To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.
- Fourth Affirmative Defense: (Unclean Hands) The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.
- Fifth Affirmative Defense: (No Wilful [sic] Conduct) Defendants acted in good faith at all times

---

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 4:11-CV-02727-SC

in its [sic] dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not wilful [sic] and should not give rise to liability.

- Sixth Affirmative Defense: (Failure to Mitigate) Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

- Seventh Affirmative Defense: (Waiver) Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

- Eighth Affirmative Defense: (Good Faith) Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

- Ninth Affirmative Defense: (Apportionment) Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Compliant, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

- Tenth Affirmative Defense: (Supervening Cause) The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

- Eleventh Affirmative Defense: (Equitable Indemnity) To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

- Twelfth Affirmative Defense: (First Amendment) Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution.  Plaintiff's proposed interpretation of provision of the FDCPA and Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

- Thirteenth Affirmative Defense: (Materiality) To the extent that any of the communications by Defendants are deemed to be false or misleading, which Defendants expressly deny, they were not materially false or misleading and therefore are not actionable under the FDCPA and Rosenthal Act.

- Fourteenth Affirmative Defense: (Arbitration) Defendants are informed and believe that the claims asserted in this action may be subject to an agreement calling for binding arbitration.

- Fifteenth Affirmative Defense: (Standing) Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.[1]

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(f), a Court may strike from a pleading any insufficient defense if it

---

[1]  Answer to Complaint (hereinafter "Answer") (Doc. 6) at pages 6-9.

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

does not provide the plaintiff with "fair notice" of the defense.[2]   The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.[3]   Following the Supreme Court's decision in *Ashcroft v. Iqbal*,[4] affirmative defenses not pled with sufficient particularity are inadequate to survive the newly announced requirement for pleadings under the federal rules.

In general, affirmative defenses are governed by the same pleading standard as complaints and therefore must give Plaintiff fair notice of the defense being advanced.[5]   "Affirmative Defenses are pleadings and, therefore, are subject to all pleadings requirements of the Federal Rules of Civil Procedure."[6]

**A.   The 'Heightened Pleading Standard' of *Twombly* and *Iqbal* Apply to Affirmative Defenses**

Over the past four years, the Supreme Court has markedly changed the standard required for pleading under Rule 8 of Federal Rules of Civil Procedure.  First, in *Bell Atlantic Corp. v. Twombly*,[7] the Court held that although Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action."[8]   Rather, the *Twombly* Court held that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[9]   In *Ashcroft v. Iqbal*,[10] the Supreme Court took this so-called "plausibility standard" one step further and held that a court must "draw the reasonable inference that the defendant is liable[.]   Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line'" of the plausibility required to

---

[2]   *Wyshak v. City National Bank*, 607 F. 2d 824, 827 (9th Cir. 1979).
[3]   *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).
[4]   566 U.S. ___; 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[5]   *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) (Ware, J.).
[6]   *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989).
[7]   550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[8]   *Id.*
[9]   *Id.* at 570.
[10]   129 S. Ct. 1937 (2009).

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

state a claim.[11]

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Twombly* and *Iqbal*, the majority of courts to address the issue have concluded that the heightened pleading standards for claims of relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative defenses.[12]  Under the *Twombly*/*Iqbal* standard, a defendant must plead facts sufficient to alert the plaintiff of the defense.[13]  A claim is plausible on its face if it "raises a right to relief above the speculative level."[14]  A party raises its claim above the speculative level by pleading "factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."[15]  As district courts in this circuit have found, the same standard should be applicable to affirmative defenses.  When no facts are asserted in support of an affirmative defense, neither the *Twombly* nor *Iqbal* standard has been met.

To survive a Rule 12(f) motion then, an affirmative defense cannot simply be conclusory and devoid of facts; rather, it must set forth a factual basis and cannot merely suggest that the defense may possibly bear upon the case.[16]  Here, all of Defendants' affirmative defenses fall well below this bar.

**B.  <u>The Policies of *Twombly, Iqbal* and Rule 12 Support the Plaintiff</u>**

As one court has aptly stated, "[a]pplying the standard for heightened pleading to affirmative

---

[11]  129 S. Ct. at 1949, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. at 557.

[12]  *See, e.g.*, *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (Patel, J) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on the issue of whether Twombly and Iqbal apply to the pleading of affirmative defenses, the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses."). *See also*, *Vamsidhar Reddy Vurimindi v. Fuqua Sch. of Bus.*, 2011 U.S. Dist. LEXIS 96496 at *6 (E.D. Pa. Aug. 25, 2011) ("A majority of district courts have held that *Twombly* and *Iqbal* standards apply to affirmative defenses.") *and Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (collecting cases).

[13]  *Twombly*, 550 U.S. at 555 (a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action").

[14]  *Twombly*, 550 U.S. at 570.

[15]  *Iqbal*, 129 S. Ct. at 1949.

[16]  *Barnes*, 718 F. Supp. 2d at 1172; *see also*, *Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f).").

---

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply."[17]

Although motions to strike are generally disfavored, "courts in this district consistently have applied the *Twombly/Iqbal* pleading standard to the pleading of affirmative defenses, requiring a defendant to allege enough facts to state a claim to relief that is plausible on its face."[18]   "In other words, the simple listing of 'a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist' is not sufficient."[19]

Rule 12(f) motions are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense."[20]   Matters are appropriately stricken if they are "not properly supported by the facts alleged in the pleading."[21] Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law."[22]

"Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."[23]   In contrast, denials of the allegations in the complaint, or allegations that the plaintiff cannot prove the elements of his claims,

---

[17] *Hayne*, 263 F.R.D. at 650.

[18] *Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634, *3 (N.D. Cal. Aug. 22, 2011) (Beeler, J) (citing *Barnes*, 718 F. Supp. 2d at 1172).

[19] *Id*. at *4 (quoting *Barnes*, 718 F. Supp. 2d at 1172).

[20] *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990)).

[21] *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").

[22] *Hanzlik v. Birach*, 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009), *citing Microsoft Corp*, 123 F. Supp. 2d at 949; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007);  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[23] *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987), *citing Gomez v. Toledo*, 446 U.S. 635, 640-641 (1980).  *See also, Scott v. Fed. Bond & Collection Serv.*, 2011 U.S. Dist. LEXIS 5278, at *25 (N.D. Cal. Jan. 19, 2011) (Koh, J.).

---

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

are not affirmative defenses.[24]

The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.[25]   "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense."[26]  With that requirement in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss.[27]

## IV.  ARGUMENT

Pursuant to the pleading standards of *Twombly/Iqbal*, all of Defendants' affirmative defenses should be stricken for failure to state a claim.

### A.  The FDCPA Allows Only Those Defenses Set Forth in Statute

In this case, some of the defenses raised by Defendants relate to claims brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Since the FDCPA is a federal statutory cause of action, the defenses are limited to those set out in the statute itself.[28]  Moreover, the FDCPA is a strict liability statute.[29]

An affirmative defense is the "defendant's assertion raising new facts and arguments that, if

---

[24]  *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009).
[25]  *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *and* 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2004)).
[26]  *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 234 (E.D.N.C. 2010), *quoting Topline Solutions, Inc. v. Sandler Sys., Inc.*, 2010 U.S. Dist. LEXIS 76174, 2010 WL 2998836 at *1 (D. Md. July 27, 2010).
[27]  *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").
[28]  *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); see also *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text").
[29]  *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006);  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996).

---

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true."[30]

In an FDCPA case, there are only three defenses, pursuant to 15 U.S.C. § 1692k(c)-(e):

- statute of limitations,

- reliance on an FTC advisory opinion, and

- bona fide error.

The court may strike from a defendant's answer "any insufficient defense."[31]   Courts strike frivolous affirmative defenses early on in an effort to streamline the ultimate resolution of a case and avoid the waste of time and money involved in litigating spurious issues.[32]

## 1. **Defendants Have Not Stated a Bona Fide Error Defense**

Defendants' Third Affirmative Defense is pled as follows:

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.[33]

As noted above, the bona fide error defense is one of the three affirmative defenses authorized by the FDCPA.  In order to plead bona fide error, a defendant must allege <u>facts</u> showing that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.[34]  Not only have Defendants failed to properly plead a bona fide error defense, but Defendants have failed to offer any <u>facts</u> to support this affirmative defense.  Rather, Defendants merely assert that any violation was "not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error."  Failure to provide a "factual basis" in support of an affirmative defense is

---

[30] *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).
[31] Fed. R. Civ. P. 12(f).
[32] *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989).
[33] <u>Answer</u> (Doc. 6) at page 7.
[34] 15 U.S.C. 1692k(e).

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

justification for striking subject affirmative defense.[35]

If the bona fide error defense is to have any meaning in the context of a strict liability statute, then pleading "procedures reasonably adapted to avoid any such error" must require more than a mere conclusory assertion to that effect.  The procedures themselves must be explained, along with the manner in which they were adapted to avoid the violation alleged.  Only then is the alleged error or "mistake" entitled to be treated as one made in good faith.

The affirmative defense should be stricken because it does not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8.  Even before *Iqbal*, this result was reached in FDCPA cases.

> Because the defense at issue deals with an alleged "mistake" -- a "bona fide error" in the statutory parlance -- Defendant is obligated to comply with both Fed. R. Civ. P. 8 and 9(b).  The standard under Rule 9(b) requires parties to state the circumstances of a mistake with "particularity."[36]

Affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy."[37]

Additionally, the conclusory assertion of bona fide error, devoid of any facts, does not comply with the particularity requirement of Fed. R. Civ. P. 9(b), which mandates that, "[i]n all averments of . . . mistake, the circumstances constituting . . . mistake shall be stated with particularity."  Defendants have not described how any mistake (error) occurred.  Rule 9(b) requires particularity, not bald conclusory assertions.  "Particularity" as used in Rule 9(b) means "the who, what, when, where,

---

[35]   *Racick*, 270 F.R.D. at 235 ("Defendants have essentially copied the language in 15 U.S.C. § 1692k(c), but have not provided any notice of the specific error upon which it relies to assert the defense. Consequently, Defendants' fourth affirmative defense is stricken with leave to amend to cure this pleading deficiency.").

[36]   *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008); *see also*, *Bradshaw v. Hilco Receivables*, LLC, 725 F. Supp. 2d 532 (D. Md. 2010) (striking bona fide error defense that was not pled with particularity as required by Fed. R. Civ. P. 9(b)).

[37]   *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994).

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

and how of the mistake: the first paragraph of any newspaper story."[38]

Pursuant to *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[39]  "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[40]

### 2.  **Defendants Have Not Stated a Statute of Limitations Defense**

Defendants' Second Affirmative Defense is pled as follows:

> The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.[41]

Defendants' statute of limitations defense is insufficient as a matter of law for failure to plead sufficient facts.[42]  The statute of limitations for violations of the federal Fair Debt Collection Practices Act[43] and the California Rosenthal Fair Debt Collection Practices Act[44] is one year.  Less than one year elapsed between the violations allegedly committed on September 28, 2010, and the commencement of this action on June 6, 2011.[45]  Therefore, Defendants cannot prevail on a statute of limitations defense.[46]

As for Defendants' reference to "the equitable doctrine of laches," it is misplaced.  "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."[47]  Defendants have failed to provide any facts in support of this "affirmative defense."  Additionally, "principles of equity [can not] be used to avoid a statutory

---

[38]  *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *Konewko*, 2008 U.S. Dist LEXIS 40685 (bona fide error defense stricken for lack of particularity).
[39]  129 S. Ct. at 1949.
[40]  *Id*.
[41]  Answer (Doc. 6) at page 6.
[42]  *Racick*, 270 F.R.D. at 235 ("courts have stricken similarly-worded affirmative defenses for failure to reference the specific statute and relevant time periods").
[43]  15 U.S.C. § 1692k(d).
[44]  Cal. Civil Code § 1788.30(f).
[45]  *See* Complaint (Doc. 1) at ¶ 15.
[46]  *See Scott*, 2011 U.S. Dist. LEXIS 5278, at *21-22.
[47]  *Costello v. United States*, 365 U.S. 265, 282 (1961).

- 9 -

mandate."[48]

### 3.  **Defendants Have Not Stated the Defense of Conformity with an FTC Advisory Opinion**

Defendants have not pled the FTC advisory opinion defense.

### B.  **Defenses to be Stricken Because They are Not Actually Defenses**

The following "Affirmative Defenses" raised in Defendants' <u>Answer</u> should be stricken because they are not actually defenses.

### 1.  **First Affirmative Defense – Failure to State a Claim**

Defendants' First Affirmative Defense is pled as follows:

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.[49]

"Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case."[50]

Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense.[51]

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense"[52] it should be stricken from Defendants' <u>Answer</u>.[53]

### 2.  **Fifth Affirmative Defense – No Wilful [sic] Conduct**

Defendants' Fifth Affirmative Defense is pled as follows:

Defendants acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not wilful [sic] and should not give rise to liability.[54]

Defendants offer the Court and the Plaintiff no factual basis whatsoever for their "no wilful [sic]

---

[48] *Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235, 1244 (Cal. App. 2d Dist. 2004).
[49] <u>Answer</u> (Doc. 6) at page 6.
[50] *Barnes*, 718 F. Supp. 2d at 1174.  *See also, Scott*, 2011 U.S. Dist. LEXIS 5278 at *23-24.
[51] *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).
[52] *Barnes*,  718 F. Supp. 2d at 1174.
[53] *Racick*, 270 F.R.D. at 234-35 (striking failure to state a claim defense).
[54] <u>Answer</u> (Doc. 6) at page 7.

conduct" moving target affirmative defense.   As such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.   Moreover, as already noted, the FDCPA is a strict liability statute.  Therefore, willful conduct is not necessary to sustain Plaintiff's claims.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.

### 3.  Sixth Affirmative Defense – Failure to Mitigate

Defendants' Sixth Affirmative Defense is pled as follows:

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.[55]

"Defendants fail, again, to provide any factual basis that would allow the inference that this defense is plausible."[56]   Moreover, failure to mitigate damages is not a defense to the FDCPA or RFDCPA.[57]

### 4.  Eighth Affirmative Defense – Good Faith

Defendants' Eighth Affirmative Defense is pled as follows:

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.[58]

Defendants, much like in their Fifth Affirmative Defense, *supra*, offer the Court and the Plaintiff no factual basis whatsoever for the moving target affirmative defense of "good faith."  As such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.  Moreover, as already noted, the FDCPA is a strict liability statute.  Therefore, "bad faith" conduct is not necessary to sustain Plaintiff's claims.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it

---

[55]  Answer (Doc. 6) at page 7.
[56]  *Racick*, 270 F.R.D. at 234-35 (E.D.N.C. 2010) (striking failure to mitigate defense).
[57]  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking failure to use reasonable care defense).
[58]  Answer (Doc. 6) at page 8.

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 4:11-CV-02727-SC

should be stricken.

## 5.   Thirteenth Affirmative Defense – Materiality

Defendants' Thirteenth Affirmative Defense is pled as follows:

To the extent that any of the communications by Defendants are deemed to be false or misleading, which Defendants expressly deny, they were not materially false or misleading and therefore are not actionable under the FDCPA and Rosenthal Act.[59]

The "materiality" of Plaintiff's allegations, much like "failure to state a claim," "is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case.  Therefore, it is not properly asserted as an affirmative defense."[60]  In general, any matter not in issue under a simple denial is an "affirmative defense."[61]  Moreover, Defendants offer the Court and the Plaintiff no factual basis whatsoever for this moving target affirmative defense.  As such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.

## C.   Defendants' Immaterial and Impertinent Defenses Should be Stricken

Federal Rule of Civil Procedure 12(f)  permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Generally, matters which are outside the scope of the action are "immaterial" for purposes of Rule 12(f) motion to strike.[62]  The following pled affirmative defenses are immaterial to this action.

## 1.   Fourth Affirmative Defense – Unclean Hands

Defendants' Fourth Affirmative Defense is pled as follows:

The allegations in the Complaint and relief requested are on information and belief

---

[59]  Answer (Doc. 6) at page 8.
[60]  *Boldstar*, 517 F. Supp. 2d at 1291.
[61]  *See Saks*, 316 F.3d at 350.
[62]  *American Sheet Metal, Inc. v. Em-Kay Engineering Co.*, 478 F. Supp. 809, 815 (E.D. Cal. 1979).

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

barred in whole or in part by the doctrine of unclean hands.[63]

This affirmative defense bears no relation to the claims asserted in this case.  This is not an action in equity, thus "unclean hands" is not a valid defense.  Moreover, "simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'"[64]  It is not simply enough to refer to a statute or doctrine without supporting facts showing its applicability.[65]  Therefore, this affirmative defense should be stricken from Defendants' Answer.

## 2.  Seventh Affirmative Defense – Waiver

Defendants' Seventh Affirmative Defense is pled as follows:

> Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.[66]

Defendants offer the Court and Plaintiff no factual basis whatsoever for the moving target affirmative defense of "waiver" and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.[67]  "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[68]  Moreover, waiver is not a defense to the FDCPA or RFDCPA.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken from Defendants' Answer.

## 3.  Ninth Affirmative Defense – Apportionment

Defendants' Ninth Affirmative Defense is pled as follows:

---

[63]  Answer (Doc. 6) at page 7.
[64]  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20, *quoting CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *22 (N.D. Cal. Oct. 26, 2009).
[65]  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.
[66]  Answer (Doc. 6) at pages 7-8.
[67]  *Racick*, 270 F.R.D. at 237 (striking "doctrine of latches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion.");  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense).
[68]  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.  *See also, Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.

---

- 13 -

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.[69]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[70] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies. This affirmative defense does not allege <u>facts</u> regarding which persons "caused or contributed" to the acts of Defendants. Defendants do not allege the identity of the "responsible parties" to which Defendants refer or facts defining the scope of Defendants' control over these "responsible parties." Defendants do not allege how the actions of others – presumably debt collection attempts – caused Plaintiff's damages. Defendants do not provide facts which would show that a third-party was negligent or careless.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[71]

### 4. <u>Tenth Affirmative Defense – Supervening Cause</u>

Defendants' Tenth Affirmative Defense is pled as follows:

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.[72]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[73] Further, this affirmative defense does not state which of the allegations in the Complaint to which it

---

[69] <u>Answer</u> (Doc. 6) at page 8.
[70] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").
[71] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).
[72] <u>Answer</u> (Doc. 6) at page 8.
[73] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

- 14 -

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

applies.  This affirmative defense does not allege facts regarding which "intervening or supervening events" it refers.  Defendants do not allege how these "intervening or supervening events" caused Plaintiff's damages.  Defendants do not provide facts which would show that a third-party was negligent or careless.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[74]

### 5.   Eleventh Affirmative Defense – Equitable Indemnity

Defendants' Eleventh Affirmative Defense is pled as follows:

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.[75]

Defendants offer the Court and the Plaintiff no factual basis whatsoever for this moving target affirmative defense, and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.  If Defendants believe that they are entitled to "equitable indemnity" based on the "comparative fault" of some third-party, Defendants should file an appropriate cross-complaint.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[76]

### 6.   Twelfth Affirmative Defense – First Amendment

Defendant's Twelfth Affirmative Defense is pled as follows:

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.[77]

---

[74] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).
[75] Answer (Doc. 6) at page 8.
[76] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking comparative negligence defense).
[77] Answer (Doc. 6) at page 9.

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

Litigation privilege is not a recognized defense in FDCPA[78] or RFDCPA[79] cases.  As such, this affirmative defense should be stricken from Defendants' <u>Answer</u>.

> If the defendants are advocating the existence of a federal common law litigation privilege, *Heintz v. Jenkins* cuts squarely against their argument.  So the defendants also premise their immunity arguments on their First Amendment rights of free speech, and to petition for redress, which they assert are violated by applying FDCPA to the act of filing a complaint in a court of law.  But whether the historical antecedents for common law immunity emanate from First Amendment concerns, or from the underpinnings of the Anglo-American privilege for judicial proceedings,  the defendants' immunity arguments cannot overcome the unambiguous text of the statute and the unambiguous holding of *Heintz v. Jenkins*, which this Court must follow.[80]

"The privilege for communications made during judicial proceedings and for communications made between certain interested persons, Cal. Civ. Code § 47(b) and (c), likewise has no application to the facts or legal claims in Plaintiff's complaint, which do not allege any defamatory actions by Defendant."[81]   This Court has previously rejected a FDCPA "Defendants' assertion that the First Amendment, as a matter of law, protects the filing of a state court complaint from the reach of the FDCPA."[82]

### 7.  <u>Fourteenth Affirmative Defense – Standing</u>

Defendants' Fourteenth Affirmative Defense is pled as follows:

> Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.[83]

Defendants offer the Court and the Plaintiff no factual basis whatsoever for the moving target

---

[78]  *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 615 (6th Cir. 2009); *Pepper v. Routh Crabtree, APC*, 219 P.3d 1017, 1023 (Alaska 2009).

[79]  *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 337 (Cal. App. 1st Dist. 2009) ("We agree with the majority of these cases that the [litigation] privilege cannot be used to shield violations of the [Rosenthal Fair Debt Collection Practices] Act.").

[80]  *Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954, 960 (S.D. Ohio 2005), *citing Heintz v. Jenkins*, 514 U.S. 291; 115 S. Ct. 1489; 131 L. Ed. 2d 395 (1995).

[81]  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *23 (striking litigation privilege defense).

[82]  *Lopez Reyes v. Kenosian & Miele*, LLP, 619 F. Supp. 2d 796, 804 (N.D. Cal. 2008) (Jenkins, J); *see also*, *Hartman*, 569 F.3d at 615.

[83]  <u>Answer</u> (Doc. 6) at page 9.

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 4:11-CV-02727-SC

affirmative defense of "standing."  Plaintiff's Complaint sufficiently states that he has suffered an "injury-in-fact" and that the alleged injury suffered is particularized as to him.  Therefore, Defendants' bald "standing" affirmative defense should be stricken.  Plaintiff is entirely unable to prepare a response to such a vague affirmative defense.

### D.  Defendants' Insufficient Defenses Should be Stricken

Pursuant to Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense. . . ."  The following pled affirmative defenses are immaterial to this action.

### 1.  Thirteenth Affirmative Defense – Arbitration

Defendants' Thirteenth Affirmative Defense is pled as follows:

Defendants are informed and believe that the claims asserted in this action may be subject to an agreement calling for binding arbitration.[84]

Defendants offer the Court and the Plaintiff no factual basis whatsoever for the moving target affirmative defense of "arbitration."  This affirmative defense does not state which of the allegations in the Complaint are subject to an arbitration clause, nor does this affirmative defense allege that the allegations of the Complaint were subject to an arbitration agreement.  This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[85]

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.

## V.  CONCLUSION

The *Twombly/Iqbal* pleading standard requires a plaintiff to plead something more than mere "labels and conclusions."  A defendant should be held to the same standard and should not be able to assert a laundry list of defenses hoping to find at a later date some fact that supports the defense.  In this

---

[84]  Answer (Doc. 6) at page 9.
[85]  *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

1    instance, Defendants have not set forth sufficient facts in support of any of their affirmative defenses.  It

2    is impossible to determine if any of the fourteen affirmative defenses pled by Defendants in the <u>Answer</u>

3    are plausible on their face.  Therefore, Plaintiff requests that each of these defenses be stricken and that

4    Defendants be granted leave to amend their <u>Answer</u>.

5

6

7                                                         CONSUMER LAW CENTER, INC.

8

9    Dated:  <u>September 12, 2011</u>                    By: <u>/s/ Fred W. Schwinn</u>
                                                              Fred W. Schwinn, Esq.
10                                                            Attorney for Plaintiff
                                                              JOHN HENRY DION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES                     Case No. 4:11-CV-02727-SC