IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY DION, | ) Case No. 11-2727 SC |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S <u>MOTION TO STRIKE</u> |
| v. | ) |
| FULTON FRIEDMAN & GULLACE LLP, a New York limited liability partnership; and ANN KATHERYN MERRILL, individually and in her official capacity, | ) |
| Defendants. | ) |

This matter comes before the Court on the Motion to Strike Defendants' Affirmative Defenses brought by Plaintiff John Henry Dion ("Plaintiff") against Defendants Fulton Friedman & Gullace LLP and Ann Katheryn Merrill (collectively, "Defendants"). ECF No. 13 ("MTS"). The Motion has been fully briefed. ECF Nos. 14 ("Opp'n"), 15 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the reasons set forth below, the Court GRANTS Plaintiff's Motion and STRIKES Defendants' affirmative defenses WITHOUT PREJUDICE.

I. **BACKGROUND**

On June 6, 2011, Plaintiff brought an action against Defendants for alleged violations of the federal Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"). ECF No. 1 ("Compl.") ¶ 1. Plaintiff seeks actual damages, statutory damages, and attorney fees and costs. Id. Plaintiff also seeks treble damages as a disabled person, pursuant to Cal. Civ. Code § 3345. Compl. at 12.

Plaintiff alleges that Defendants, a licensed California attorney and the New York-based law firm that employs her, Compl. ¶¶ 9-10, unlawfully attempted to collect a debt from him by filing a lawsuit in state court. See Compl. ¶ 15. Plaintiff denies that he ever owed any debt and alleges that Defendants made various misrepresentations in the course of prosecuting the state court lawsuit. Compl. ¶¶ 12, 15-31. These allegations form the basis of Plaintiff's claims under the FDCPA and RFDCPA, both of which prohibit, among other things, deceptive debt collection practices. See FDCPA § 1692e, RFDCPA § 1788.13.

Defendants filed an Answer in which they asserted fifteen affirmative defenses. ECF No. 6 ("Answer") at 6-9. Plaintiff then filed the instant motion to strike all fifteen affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 13 ("MTS"). In the MTS, Plaintiff specifically requests that Defendants be given leave to amend. MTS at 18.

**II.  DISCUSSION**

Before addressing Defendants' affirmative defenses, the Court considers a preliminary issue raised by the parties: the proper
///
///

2

standard governing Rule 12(f) motions to strike affirmative defenses.[1]

### A. Applicable Standard for Rule 12(f) Motions to Strike Affirmative Defenses

The parties dispute which standard should apply to the instant motion. Plaintiffs urge this Court to apply the heightened "plausibility" pleading standard that some district courts have derived from the Supreme Court's watershed Twombly and Iqbal decisions. MTS at 2-4, Reply at 1-3; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009). Defendants argue for the continued vitality of the lower "fair notice" standard articulated by the Ninth Circuit in Wyshak, decades before the Supreme Court decided Twombly and Iqbal. Opp'n at 2-6; see also Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

This disagreement mirrors the difference of opinion among federal district courts that has followed in the wake of the Twombly/Iqbal sea change in federal pleading standards. Judge Patel summarized the situation in Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal.

---

[1] The parties also raise the preliminary issue of whether the FDCPA limits the affirmative defenses a defendant may raise. Plaintiff argues that by enumerating three affirmative defenses in the FDCPA, Congress barred any others and that therefore all of Defendants' affirmative defenses must be struck, except those provided by the FDCPA. MTS at 6-7; Reply at 4-5. Under Plaintiff's reading of the FDCPA, only two of Defendants' fifteen affirmative defenses are even theoretically permissible. See MTS at 7-10. As Defendants point out, however, Plaintiff has pled an RFDCPA claim in addition to the FDCPA claim. Opp'n at 7 n.6. Plaintiff does not argue that the RFDCPA limits defenses. See generally Reply. By the terms of Plaintiff's own argument, then, the FDCPA alone could not compel this Court to strike affirmative defenses that apply just as well to RFDCPA claims. Therefore the Court need not, and does not, reach Plaintiff's argument concerning the FDCPA's limitation on defenses.

2010). See also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d ed. 1998 & Supp. 2011) (describing split). As both parties acknowledge, MTS at 4 n.12, Opp'n at 4, neither the Supreme Court nor the Ninth Circuit has yet held whether the reasoning of Twombly and Iqbal, which specifically addressed Rule 8's pleading standard for complaints, extends to affirmative defenses pled in an answer. Barnes, 718 F. Supp. 2d. at 1171. A majority of district courts have held that it does, while a minority continue to apply the fair notice standard of Wyshak.[2] Id.

This Court is not bound by the decisions of other district courts, but it finds Judge Patel's reasoning in support of the heightened "plausibility" standard to be persuasive. Therefore, in deciding the present motion, the Court applies the heightened standard derived from Twombly and Iqbal and explicated in Barnes. This standard "serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." Barnes, 718 F. Supp. 2d at 1172. In doing so, it furthers the underlying purpose of Rule 12(f), which is to avoid spending time and money litigating spurious issues. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal

---

[2] The Court notes that a Ninth Circuit panel cited Wyshak's fair notice standard as recently as 2010, a year after Iqbal. Simmons v. Navajo Cty., 609 F.3d 1011, 1023 (9th Cir. 2010). However, that panel did not have the issue of Rule 8 pleading standards squarely before it, and its citation appeared in a discussion focused on when, not how, to plead an affirmative defense. See Simmons, 609 F.3d at 1022-23.

4

claim across the line separating plausibility from mere possibility, Twombly, 550 U.S. at 570, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense, Barnes, 718 F. Supp. at 1172-73. Mere labels and conclusions do not suffice. See Twombly, 550 U.S. at 555.

If a district court applying the proper standard determines that a pleading is deficient, the court may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations. Williams v. California 1st Bank, 859 F.2d 664, 665 (9th Cir. 1988). When a defense is stricken, the district court should freely give leave to amend so long as no prejudice to the opposing party results.[3] Wyshak, 607 F.2d at 826.

**B. Application of Standard to Defendants' Affirmative Defenses**

Plaintiff challenges each of Defendants' fifteen affirmative defenses on the ground that they do not provide Plaintiff with adequate notice of the facts underlying the defense. See generally MTS. Defendants respond that "under the plain language of the Federal Rules, a defendant need only 'state' his defenses," without more. Opp'n at 4 (quotation marks in original).

The Court agrees with Plaintiff. Defendants fail in each of their fifteen defenses to "point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the

---

[3] The Barnes court noted that prejudice may arise solely from a plaintiff's being required to engage in discovery on frivolous issues, which suggests that any insufficiently pled affirmative defense may be struck with prejudice. Barnes, 718 F. Supp. at 1173. In this case, Plaintiff specifically asks that Defendants be given leave to amend. MTS at 18. The Court therefore will not impute prejudice to Plaintiff at this time.

5

affirmative defense plausible on its face." Barnes, 718 F. Supp. 2d at 1172. Throughout their Answer, Defendants allege nothing more than that various affirmative defenses exist. Defendants' second affirmative defense, "Statute of Limitations/Laches," provides a representative example. That defense reads in its entirety: "The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches." Answer at 6. This language constitutes nothing more than "labels and conclusions." Cf. Twombly, 550 U.S. at 555. The Court notes that, aside from its failure to plead any facts, this paragraph neglects even to identify a specific defense, offering Plaintiff a choice between statute of limitations "and/or" laches. This will not do. Under any standard, Defendants must give Plaintiff fair notice of which defense Defendants assert rather than leaving it to Plaintiff, and this Court, to guess.

The Court also observes that a number of Defendants' putative affirmative defenses are in fact negative defenses or otherwise not affirmative defenses. See Barnes, 718 F. Supp. 2d at 1173-75. To the extent that Defendants have improperly labeled negative and other defenses as affirmative defenses, this provides another reason for the Court to strike those putative affirmative defenses.

Defendants argue that the heightened plausibility standard is unfair because they "stand[] in a much different position than a plaintiff who has a year or more to investigate and prepare the claims in the complaint." Opp'n at 5. Defendants correctly note that the Federal Rules allow only 21 days to file an answer. Id.; Fed. R. Civ. P. 12(a)(1)(A). But Defendants fail to realize that

Twombly and Iqbal do not require them to establish conclusively in their initial pleading that their affirmative defenses must carry the day. Those cases require only that Defendants plead enough facts to establish the bare plausibility of their labels and conclusions.

Even if that were not the case, Defendants' concern about Rule 12's 21-day time limit is misplaced. While it is true that the Federal Rules allow only 21 days to file an answer, this Circuit has liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading and allows affirmative defenses to be asserted in a later motion absent prejudice to the non-moving party. Simmons, 609 F.3d at 1023. Moreover, Rule 15 permits Defendants to amend their Answer at any time with the Court's leave. Fed. R. Civ. P. 15(a)(2); see also Fed. R. Civ. P. 15(b)(1) (permitting amendment during trial), Fed. R. Civ. P. 15(c)(1)(B) (permitting relation back of amended pleading containing a defense arising from same conduct "set out -- or attempted to be set out -- in the original pleading"). Defendants have not been put in an unfair "use-it-or-lose-it" situation with respect to affirmative defenses.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Strike filed by Plaintiff John Henry Dion against Defendants Fulton Friedman & Gullace LLP and Ann Katheryn Merrill. The Court STRIKES WITHOUT PREJUDICE the Answer's affirmative defenses. The Court gives Defendants LEAVE TO AMEND the Answer within thirty (30) days of this Order. If Defendants do not file an amended Answer within

7

that time, the Court shall deem all fifteen affirmative defenses STRICKEN WITH PREJUDICE. If Defendants file an amended Answer, their amended pleading shall be consistent with the guidance provided by this Order.

The parties shall appear for a Case Management Conference on April 6, 2012, at 10:00 a.m. in Courtroom 1.

IT IS SO ORDERED.

Dated: January 17, 2012

_____
UNITED STATES DISTRICT JUDGE